UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QUYIMAIN TOWNSEND<br>*Defendant..* | [Proposed] **Protective Order**<br><br>**22 Cr. 111 (LGS)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**WHEREAS**, the Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material";

**WHEREAS**, the Government's Disclosure Material in this case may include Confidential Information that (i) may affect the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case;

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously Disclosure Material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Information shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Information to the media or any third party except as set forth below.

2. Confidential Information may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

    (a) The defendant;

    (b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (c) Potential witnesses ("Potential Witnesses") for purposes of defending this action; and

    (d) Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Confidential Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Confidential Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3. The Government may designate Disclosure Material as Confidential Information by labeling such Disclosure Material as "Confidential" or "Subject to Protective Order." In the event of any dispute as to the Government's designation of particular Disclosure Material as Confidential Information, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court.

4. The Government may authorize, in writing, disclosure of Confidential Information beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Confidential Information in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for Confidential Information that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Information, including the seized ESI Confidential Information, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Confidential Information is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by:   /s/_____      Date:   March 25, 2022
    Thomas S. Burnett
    Brandon D. Harper
    Assistant United States Attorneys

    _____      Date: 3/25/22
    Hannah McCrea
    Counsel for Quyimain Townsend

SO ORDERED:

Dated: New York, New York
       March 28, 2022

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4