UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

QUYIMAIN TOWNSEND,

Defendant.

---

22 Cr. 111 (LGS)

<u>ORDER</u>

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 13, 2022, the Court found that Defendant had a Total Offense Level of 16 and a Criminal History Category of III, resulting in an advisory Guidelines range of 27 to 33 months' imprisonment.  Defendant was sentenced to an above-Guidelines term of imprisonment of 36 months, followed by three years of supervised release and a $100 special assessment.

WHEREAS, on January 4, 2024, the Probation Department issued a Supplemental Presentence Investigation Report ("Supplemental PSR"), which concludes that Defendant appears to be eligible for an adjustment of his Guidelines range based on Amendment 821 to the Guidelines.

WHEREAS, on March 14, 2024, Defendant moved for a reduction of sentence based on recent changes to the Sentencing Guidelines and his eligibility for a status point recalculation reducing his Criminal History Score from five to three and lowering his Criminal History Category from III to II.  *See* U.S. Sent'g Guidelines Manual § 4A1.1 (U.S. Sent'g Comm'n 2023).  On April 1, 2024, the Government filed a letter in opposition.

WHEREAS, the Court agrees with the Supplemental PSR that Defendant is eligible for a status point recalculation, resulting in a lower Criminal History Category of II.  With a Total Offense Level of 16 and a Criminal History Category of II, Defendant has an advisory Guidelines range of 24 to 30 months' imprisonment.

WHEREAS, the Court has considered the new Guidelines recommendation as well as the other factors under 18 U.S.C. § 3553(a), which remain unchanged.  For the reasons expressed at Defendant's initial sentencing hearing, the sentence was imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A)-(B).

WHEREAS, the changes to the Guidelines recommendation do not justify a change to the sentence imposed.  This is Defendant's second conviction involving the use of a firearm on a public street in the afternoon.  Defendant returned fire toward someone who had fired a weapon in his direction.  In the exchange of gunfire, a bullet struck an MTA bus, and another bullet struck a car with three passengers inside.  Defendant's prior state conviction, which also involved a public shooting, resulted in a sentence of five years' imprisonment and five years' post-release supervision.  Defendant committed the instant offense while under supervision for that prior offense.  At sentencing, the Court stated that the sentence imposed is a "huge break because, by all rights, six years would have been a perfectly decent sentence."

WHEREAS, Defendant is currently in a half-way house to assist in his transition from being incarcerated to living at liberty.  This transition period is important to give Defendant the best chance at living a law-abiding life after he is released.

WHEREAS, the other factors under § 3553(a) compel the sentence that was previously imposed.  The Court weighed then, and weighs now, all of the mitigating factors raised by

Defendant's counsel.  On balance, given the nature and seriousness of the crime, to promote respect for the law, to provide just punishment for the offense, to afford further specific deterrence to criminal conduct, and to protect the public from further crimes of Defendant, the appropriate sentence is a significant period of incarceration of 36 months.  It is hereby

**ORDERED** that Defendant's motion for a reduction of sentence is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 29.

Dated: April 23, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE